# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **BARBARA KEMP,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 06-0301 (EGS)** |
| | ) | |
| **UNITED STATES,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |
| _____ | ) | |

## DEFENDANT'S MOTION TO DISMISS, OR IN THE
## ALTERNATIVE FOR SUMMARY JUDGMENT

Defendant United States, through the undersigned counsel, respectfully moves the Court

to dismiss this case pursuant to Fed. R. Civ P. 12(b)(1) for a lack of subject matter jurisdiction.

Alternatively, under Rule 56 of the Federal Rules of Civil Procedure, defendant asks for an order

granting summary judgment on the grounds that no genuine issue of material fact exists and the

defendant is entitled to judgment as a matter of law.  In support of this Motion, the Court is

respectfully referred to the accompanying Memorandum of Points and Authorities, Statement of

Material Facts Not in Dispute, Declarations of Wayne Richmond and James Harrison and Exhibit

A. A proposed order is also attached.

Respectfully submitted,

KENNETH L. WAINSTEIN, D.C. Bar # 451058
Assistant United States Attorney

RUDOLPH CONTRERAS, DC Bar # 434122
Assistant United States Attorney

WYNEVA JOHNSON, DC Bar #278515
Assistant United States Attorney
Judiciary Center Bldg.
555 4th Street, N.W., Civil Division
Washington, D.C. 20530
(202) 514-7224

Of Counsel:
Marli J.P. Kerrigan
Assistant General Counsel
Federal Bureau of Prisons

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **BARBARA KEMP,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 06-301 (EGS)** |
| | ) | |
| **UNITED STATES,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |
| _____ | ) | |

## DEFENDANT'S STATEMENT OF MATERIAL FACTS
## NOT IN GENUINE DISPUTE

Pursuant to Local Rule 7(h), defendant submits that the following facts are not in genuine dispute in this case and that they support summary judgment in favor of defendant.

1.     On the morning of January 13, 2002, there was snow and ice on the roadways and sidewalks at the Federal Correctional Institution in Beckley, West Virginia (FCI Beckley). (Declaration of Wayne Richmond, ¶ 2.) ("Richmond Decl.")

2.     By 7:45 a.m. on January 13, 2002, Bureau of Prisons staff had spread a mixture of salt and #9 abrasive stone on the institution roadways and parking lots and had treated the sidewalks with calcium chloride. (Richmond Decl. ¶ 3.)

3.     On January 13, 2002, plaintiff Barbara Kemp arrived at FCI Beckley to visit an inmate and parked in the institution parking lot. (Compl. ¶ 5; Letter from the Bureau of Prisons to Harold Brazil dated June 18, 2004 denying plaintiff's administrative claim.)

4.     As plaintiff was entering her car to leave FCI Beckley on January 13, 2002, she fell on ice in the parking lot. (Compl. ¶¶ 5, 16.)

5.     At approximately 12:00 p.m., another visitor traveling with plaintiff, Willet Moore,

informed BOP staff of plaintiff's fall. (Declaration of James Hamrick, ¶ 2.) ("Hamrick Decl.")

6.    Case Management Coordinator James Hamrick walked to the car with Ms. Moore and observed a patch of snow or ice on the parking lot by the passenger-side door. (Hamrick Decl. ¶ 3.)

7.    Ms. Moore told Case Management Coordinator Hamrick that she had warned plaintiff and the others riding with her to be careful of the slick parking lot when they arrived at the institution for their visit. Ms. Moore also said she failed to inform any BOP staff member regarding the ice in the parking lot upon their arrival. (Hamrick Decl. ¶ 4.)

Respectfully submitted,

KENNETH L. WAINSTEIN, D.C. Bar # 451058
Assistant United States Attorney

RUDOLPH CONTRERAS, DC Bar # 434122
Assistant United States Attorney

WYNEVA JOHNSON, DC Bar #278515
Assistant United States Attorney
Judiciary Center Bldg.
555 4th Street, N.W., Civil Division
Washington, D.C. 20530
(202) 514-7224

Of Counsel:
Marli J.P. Kerrigan
Assistant General Counsel
Federal Bureau of Prisons

2

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **BARBARA KEMP,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 06-301 (EGS)** |
| | ) | |
| **UNITED STATES,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |
| _____ | ) | |

**DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES**
**IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS,**
**OR IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT**

Plaintiff filed this civil action against the United States under the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2671, et seq. Plaintiff alleged that on January 13, 2002, she slipped and fell on ice in the handicap area of the parking lot at the FCI Beckley prison facility, that defendants owed a duty to plaintiff to keep the parking lot in a reasonably safe condition, and that plaintiff suffered permanent injuries as a result of defendant's negligence. (Compl. ¶¶ 5, 11, and 19.)

Defendant moves to dismiss this civil action because plaintiff's FTCA claim is barred by the statute of limitations. Plaintiff has also failed to make a sufficient showing of an essential element of an FTCA suit, namely a breach by defendants of any duty owed to plaintiff. Accordingly, this case should be dismissed, or in the alternative, summary judgment entered in favor of defendant.

**I. STATEMENT OF FACTS**

During the early morning of January 13, 2002, there was some ice forming on the

roadways and sidewalks at the Federal Correctional Institution in Beckley, West Virginia (FCI

Beckley). (Richmond Decl. ¶ 2.) Consequently, Federal Bureau of Prisons (BOP) Gardener

Worker Supervisor Wayne Richmond spread a mixture of roadway salt and #9 abrasive stone on

the institution roadways and parking lots by 7:45 a.m. (Richmond Decl. ¶ 3). Mr. Richmond

also had the institution's sidewalks treated with calcium chloride by 7:30 a.m. (Richmond Decl.

¶ 3.) Later that morning, plaintiff, Barbara Kemp, arrived at FCI Beckley to visit an inmate and

parked in the institution parking lot. (Letter from BOP to Harold Brazil dated June 18, 2004

denying plaintiff's administrative tort claim.) After her visit, she slipped and fell on ice in the

parking lot while getting in her vehicle. (Compl. ¶ 5.) Another visitor who had traveled with

plaintiff, Willet Moore, informed BOP Case Management Coordinator James Hamrick that

plaintiff had fallen in the parking lot. (Hamrick Decl. ¶ 2.) Mr. Hamrick walked out to the car

with Ms. Moore and observed a patch of snow or ice in the parking lot on the passenger side of

the car. (Hamrick Decl. ¶ 3.) Ms. Moore told Mr. Hamrick that she had warned plaintiff and the

others riding with her when they arrived at the institution that morning to be careful because the

parking lot was slick. (Hamrick Decl. ¶ 4.) Ms. Moore told Mr. Hamrick that she did not inform

any BOP staff member regarding the ice in the parking lot until after plaintiff fell. (Hamrick

Decl. ¶ 4.)

Plaintiff filed an administrative claim under the FTCA, which was denied by the BOP on

June 18, 2004. Exhibit A, Letter from BOP to Harold Brazil dated June 18, 2004 denying

plaintiff's administrative tort claim. On December 17, 2004, plaintiff filed suit under the FTCA

and named Harley G. Lapin, Director of the Federal Bureau of Prisons and John Ashcroft, former

Attorney General, as defendants. Plaintiff alleged that defendants breached their duty to keep the

2

parking lot in a reasonably safe condition, which caused plaintiff to fall and injure herself. Kemp v. Lappin, No. 04-2197 (D.D.C.), Docket Entry No. 1. Defendants filed a Motion to Dismiss or, in the Alternative, for Summary Judgment on March 28, 2005, and argued that plaintiff had failed to file her FTCA suit against the proper party. Kemp, 04-2197, Docket Entry No. 5. On April 29, 2005, plaintiff filed a Motion to Amend the Complaint, which the Court granted on May 17, 2005. The Court ordered plaintiff to file an amended complaint by May 31, 2005. Kemp, 04-2197, Docket Entry Nos. 9, 10. On August 5, 2005, the Court issued an order directing the plaintiff to file an amended complaint by August 12, 2005. Kemp, 04-2197, Docket Entry No. 14. On August 17, 2005 the District Court granted defendants' Motion to Dismiss for lack of subject matter jurisdiction as plaintiff did not file an amended complaint which named the United States as the only proper defendant. Kemp, 04-2197, Docket Entry 15. On February 21, 2006, plaintiff filed the present suit, identical to the first except that the defendant is the United States. Plaintiff seeks $250,000 in damages. (Compl. at 3.)

## II. ARGUMENT

### A.     Standard of Review

A court may resolve a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) in two ways. First, the court may determine the existence of jurisdiction based solely on the complaint. See Herbert v. National Acad. of Sci., 974 F.2d 192, 197 (D.C. Cir. 1992). Alternatively, where necessary, a court may look beyond the allegations of the complaint, consider affidavits and other extrinsic information, and ultimately weigh the conflicting evidence. See id.

Under Rule 56, summary judgment should be granted where the moving party shows that

no genuine dispute exists as to any material fact. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). This burden can be met by showing that the nonmoving party has failed to prove an essential element of the case. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). If the moving party meets this burden, "there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. at 323.

Once the moving party has met its burden, the non-movant may not rest on mere allegations, but must instead produce sufficient evidence for a jury to return a verdict for that party. See Anderson, 477 U.S. at 252; Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). Thus, to avoid summary judgment here, plaintiff must present some objective evidence that would enable the court to find she is entitled to relief.

## B.    Plaintiff's FTCA Claim Is Barred by the Statute of Limitations

The Court should dismiss plaintiff's FTCA claim because it is barred by the statute of limitations. A claimant must file an administrative FTCA claim within two years after accrual of the claim and then file a complaint in district court within six months after the agency denies the administrative claim. See 28 U.S.C. § 2401(b); Schuler v. United States, 628 F.2d 199, 201 (D.C. Cir. 1980); Bryant v. Carlson, 652 F. Supp. 1286, 1287 (D.D.C. 1987).

The doctrine of equitable tolling allows a plaintiff to avoid being barred by the statute of limitations period where despite all due diligence the plaintiff is unable to obtain vital information regarding the existence of his or her claim. See Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990); Currier v. Radio Free Europe/Radio Liberty, Inc., 159 F.3d 1363, 1367 (D.C. Cir. 1999); Norman v. United States, 377 F. Supp.2d 96, 100-01 (D.D.C. 2005).

4

"'Equitable tolling' of a statute means only that the running of the statute is suspended, not that the limitations period begins over again." Benge v. United States, 17 F.3d 1286, 1288 (10th Cir. 1994). Although the District of Columbia Circuit has not directly addressed the applicability of equitable tolling in the FTCA context, other circuits have held that equitable tolling of the FTCA statute of limitations is appropriate in certain circumstances. See Norman, 377 F. Supp.2d at 100 (concluding that this Court retains its equitable authority to toll the FTCA's statute of limitations in appropriate circumstances). However, federal courts generally do not apply equitable tolling to extend a federal limitations period where the claimant has failed to preserve his legal rights through reasonable diligence. See Lambert v. United States, 44 F.3d 296, 299-300 (5th Cir. 1995) (rejecting the application of equitable tolling during plaintiff's first FTCA suit which was dismissed for failure to timely serve the government); De Casenave v. United States, 991 F.2d 11, 13 (1st Cir. 1993) (affirming decision not to toll FTCA statute of limitations between the time plaintiffs filed the first lawsuit and the time that action was dismissed because the first action was dismissed due to counsel's refusal to comply with discovery orders); Pipkin v. United States, 951 F.2d 272, 274 (10th Cir. 1991) (refusing to toll FTCA six-month limitations period during filing of previous FTCA lawsuit, which was dismissed without prejudice for failure to prosecute); see also Norman, 377 F. Supp.2d at 100-01 (declining to toll the FTCA statute of limitations where reasonable diligence would likely have revealed within two years of plaintiff's accident that the actor involved was a federal employee).

In this case, plaintiff filed an administrative FTCA claim regarding her fall in the parking lot within two years of the accrual of her claim. Plaintiff, however, failed to file this lawsuit in district court within six months after the BOP denied her administrative FTCA claim. Plaintiff

5

filed an administrative claim under the FTCA on January 12, 2004. The Bureau of Prisons denied the claim on June 18, 2004. Exhibit A, Letter from BOP to Harold Brazil dated June 18, 2004 denying plaintiff's administrative tort claim. Plaintiff then filed a suit on December 17, and named Harley G. Lapin, Director of the Federal Bureau of Prisons and John Ashcroft, former Attorney General as defendants. Kemp v. Lappin, No. 04-2197 (D.D.C.), Docket Entry No. 1.

Defendants filed a Motion to Dismiss or, in the Alternative, for Summary Judgment on March 28, 2005. Defendants argued that plaintiff had failed to file her FTCA suit against the proper party. Kemp, 04-2197, Docket Entry No. 5. On May 17, 2005, the Court granted plaintiff's Motion to Amend the Complaint and ordered plaintiff to file an amended complaint by May 31, 2005. Kemp, 04-2197, Docket Entry No. 10. Plaintiff failed to amend the complaint and name the United States as the defendant. Id. Therefore, on August 5, 2005, the Court issued an order directing the plaintiff to file an amended complaint by August 12, 2005. Kemp, 04-2197, Docket Entry No. 14. On August 17, 2005 the District Court granted defendants' Motion to Dismiss for lack of subject matter jurisdiction as plaintiff did not file an amended complaint which named the United States as the only proper defendant. On February 21, 2006, approximately 19 months after her administrative claim was denied, plaintiff filed the present suit, identical to the first except that the defendant is now the United States. Therefore, the statute of limitations for this claim expired approximately 13 months before plaintiff filed the present suit.

The Court should not apply equitable tolling in this case to extend the statute of limitations period because plaintiff, who is represented by counsel and had all necessary information to file her claim, failed to exercise reasonable diligence in pursuing her legal rights

by failing to amend her complaint in the first suit to name the correct defendant even after

ordered to do so by the court. Even if the Court, however, applied equitable tolling in this case to

toll the statute of limitations between the time plaintiff filed the first lawsuit and the time that

action was dismissed, plaintiff's tort claim would still be barred by the statute of limitations.

Plaintiff filed her original FTCA action with only one day remaining in the six-month statute of

limitations. She filed suit on December 17, 2004 after the BOP denied her administrative claim

on June 18, 2004. Therefore, if the Court tolled the statute of limitations during the pendency of

plaintiff's original suit, plaintiff would have only one day after her original suit was dismissed to

refile within the statute of limitations. See, e.g., Benge, 17 F.3d at 1288 (noting that even if the

Court applied equitable tolling, plaintiffs' FTCA claim would be barred because plaintiffs filed

their first complaint only two days before the expiration of the initial six-month limitations

period, which would give them only two days to refile after the dismissal of their initial

complaint and they refiled almost two months after the dismissal); De Casenave, 991 F.2d at 13-

14 (finding that even if the court gave plaintiffs the benefit of tolling, the suit would be barred

because plaintiffs waited four months and sixteen days to file their first suit and then waited in

excess of five months to refile their complaint after the dismissal of the first suit). Instead,

plaintiff waited over six months to file her second suit, from August 17, 2005 until February 21,

2006. Consequently, this Court must dismiss plaintiff's tort claim as barred by the statute of

limitations.

### C.    The United States Is Entitled to Summary Judgment in its Favor

Even if this suit was not barred by the statute of limitations, defendant is entitled to

summary judgment because the United States did not breach any duty owed to plaintiff.

7

### 1.    The United States Did Not Breach Any Duty to Plaintiff

A plaintiff has an FTCA cause of action against the United States only if she would also have a cause of action under state law against a private person in like circumstances. See Tri-State Hosp. Supply Corp. v. United States, 341 F.3d 571, 575-76 (D.C. Cir. 2003); Pate v. United States, 328 F. Supp.2d 62, 76 (D.D.C. 2004). The law of the state where the alleged negligent act or omission occurred determines whether there is an underlying cause of action. See Tri-State Hosp. Supply Corp., 341 F.3d at 575-76; Pate, 328 F. Supp.2d at 76. The alleged negligence in this case occurred in Beckley, West Virginia; therefore, the substantive law of West Virginia applies.

Under West Virginia law, before a landowner may be held legally liable, a plaintiff must prove that the owner owed a duty to the person injured, that the duty was breached, and that the breach of duty was the proximate cause of the injury. See Senkus v. Moore, 535 S.E.2d 724, 727 (W. Va. 2000). "These elements of duty, breach and injury are essential to actionable negligence and in the absence of any of them the action must fall." Atkinson v. Harman, 158 S.E.2d 169, 173 (W. Va. 1967).

In West Virginia, landowners or possessors of land owe a non-trespassing entrant a duty of reasonable care under the circumstances. See Mallet v. Pickens, 522 S.E.2d 436, 446 (W. Va. 1999). In the absence of an ordinance or statute, no duty exists to keep a sidewalk or parking lot free from obstructions caused by the natural accumulation of snow and ice. See Rich v. Rosenshine, 45 S.E.2d 499, 505 (W. Va. 1947). In the present case, there is no ordinance or statute requiring the BOP to keep its parking lot completely clear of snow and ice. Therefore, the BOP was required only to use reasonable care under the circumstances.

In determining what constitutes "reasonable care under the circumstances," case law regarding the obligations of a municipality with respect to the maintenance of its streets and sidewalks is instructive. A municipal corporation in West Virginia has the duty to maintain its streets, bridges, sidewalks, and alleys so that they do not become "out of repair." See West Virginia Code § 17-10-17. The general rule under this statute is that a municipal corporation is not bound to keep its sidewalks absolutely free of snow and ice at all times and under all circumstances. See Christo v. Dotson, 155 S.E.2d 571, 576-77 (W. Va. 1967). Ice and snow in normal amounts do not constitute a defect. See Christo, 155 S.E.2d at 576. Furthermore, the mere fact that a street or sidewalk becomes slippery causing a person to fall cannot establish a cause of action under the statute as being out of repair. See Christo, 155 S.E.2d at 578. Rather to bring a cause of action under the statute relating to snow and ice, there must be an accumulation of snow and ice amounting to an obstruction. See Christo, 155 S.E.2d at 576-77. For example, a sidewalk was found to be "out of repair" when obstructed by snow and ice piled in ridges and depressions making it unsafe for travel with ordinary care. See Rich, 45 S.E.2d at 503.

In the present case, the BOP used reasonable care under the circumstances in the maintenance of the parking lot at FCI Beckley. During the early morning on the day of the incident, BOP staff recognized that ice was forming on the institution's roads and walkways. Consequently, by 7:45 a.m. BOP staff had applied a mixture of roadway salt and #9 abrasive stone on the institution roadways and parking lots and had treated the sidewalks with calcium chloride. (Richmond Decl. ¶ 3.) The BOP was not obligated to ensure that the parking lot was completely free of all snow and ice. Furthermore, the thin layer of ice or snow that was found

9

near the passenger-side of plaintiff's car is not comparable to the snow and ice piled in ridges and depressions that the West Virginia Court found to be an obstruction in <u>Rich</u>. Based on the foregoing authority and the evidence in this case, the Court should find as a matter of law that the BOP did not breach any duty in its maintenance of the FCI Beckley parking lot on January 13, 2002. Because plaintiff cannot prove an essential element of her FTCA claim, the Court should grant the defendant's summary judgment motion.

### 2.    Plaintiff's Negligence Bars Any Potential Recovery

Even if the BOP had not exercised reasonable care under the circumstances, plaintiff should be barred from recovery based on her own negligence. West Virginia is a comparative negligence state. Therefore, if a plaintiff's contributory negligence is equal to or above 50 percent of the combined negligence of the parties to the accident, she is barred from recovery. <u>See</u> <u>Mills v. Quality Supplier Trucking, Inc.</u>, 510 S.E.2d 280, 282 n.3 (W. Va. 1998). West Virginia law imposes a duty upon a person to look effectively and to exercise ordinary care to avoid a hazard. <u>See</u> <u>Wise v. Crown Constr. Co.</u>, 264 S.E.2d 463, 465 (W. Va. 1980) (concluding that it would not be unreasonable for a jury to find that the process of exiting the car may have distracted plaintiff from making any detailed observations of the ground adjacent to the car). Furthermore, when a person uses a walkway knowing that it is slippery or dangerous, and is then injured, the person is deemed guilty of contributory negligence. <u>See</u> <u>Wallace v. Great Atlantic & Pacific Tea Co.</u>, 85 F. Supp. 296, 298 (N.D. W. Va. 1949) (granting defendant's motion for summary judgment based on plaintiff's contributorily negligence where plaintiff parked, got out of his car, fell on the slippery parking lot, got up and continued, and then fell a second time breaking his ankle).

10

In the present case, plaintiff may not have realized that the parking lot was slippery when she arrived at the institution.  However, she would have discovered the alleged ice in the parking lot when she exited her car and then been on notice of the slippery condition when she returned to her car to leave the institution.  Additionally, her fellow visitor, Ms. Moore, warned plaintiff that the parking lot was slippery when they arrived at the institution.  Therefore, the Court should conclude that plaintiff was at least 50 percent contributorily negligent in the fall and her negligence should bar any potential recovery under the FTCA.

\

## CONCLUSION

The Court should dismiss the FTCA claim against the United States because it is barred by the statute of limitations. Even if this case was not time barred, the Court should grant Defendant's Motion for Summary Judgment because the United States did not breach any duty owed to plaintiff.

Respectfully submitted,


KENNETH L. WAINSTEIN, D.C. Bar # 451058
Assistant United States Attorney


RUDOLPH CONTRERAS, DC Bar # 434122
Assistant United States Attorney


WYNEVA JOHNSON, DC Bar #278515
Assistant United States Attorney
Judiciary Center Bldg.
555 4th Street, N.W., Civil Division
Washington, D.C. 20530
(202) 514-7224


Of Counsel:
Marli J.P. Kerrigan
Assistant General Counsel
Federal Bureau of Prisons

12