# Exhibit A




**U.S. Department of Justice**

Federal Bureau of Prisons

*Federal Correctional Institution*

*1600 Industrial Park Road*
*Beaver, West Virginia 25813*

June 18, 2004

Harold Brazil
Law Offices of Harold Brazil & Associates, P.C.
1015 18th Street N.W., Suite 801
Washington, D.C. 20036

Re: Administrative Tort Claim No. TRT-MXR-2004-01428

Dear Mr. Brazil:

Your client's claim has been considered for administrative settlement under the Federal Tort Claims Act, 28 U.S.C. § 2671, et. seq., and authority granted under 28 C.F.R. § 0.172. Your client alleges government liability in the amount of $250,000.00. Specifically, it is alleged that on January 13, 2002, your client fell on black ice in the parking lot at the Federal Correctional Institution in Beckley, West Virginia ("FCI Beckley") sustaining injuries to her back, knee, and hip.

Investigation into your client's claim reveals that she did visit FCI Beckley on January 13, 2002, accompanied by another visitor. The visitor accompanying your client did report to staff that your client had slipped in the parking lot upon exiting the institution that day. She also informed staff at the time of your client's fall that she had noticed ice on the parking lot upon arriving at the institution, that she had informed your client to be careful because it was slick, but that she had failed to notify staff upon arriving at the institution of the ice because she had forgotten.

Under the law of negligence in West Virginia, before the United States may be held legally liable, it must be shown that the United States owed a duty to your client, that the duty was breached, and that the breach of duty was the proximate cause of the injury. See Senkus v. Moore, 207 W. Va. 659, 662 (2000). In West Virginia, landowners or possessors of land owe a non-trespassing entrant a duty of reasonable care under the circumstances. See Mallet v. Pickens, 206 W. Va. 145, 155 (1999). Under West Virginia law, in the absence of an ordinance or statute, no duty exists to keep a sidewalk free from obstructions caused by the natural accumulation of snow and ice. See Rich v. Rosenshine, 131 W. Va. 30, 38 (1947); cf. Christo v. Dotson, 152 W. Va. 696, 705 (1967) (A municipal corporation is not bound to keep its sidewalks absolutely free of snow and ice at all times and under all circumstances). In fact, as the West Virginia Supreme Court of Appeals made clear in Yeager v. City of Bluefield, 40 W. Va. 484, 21 S.E. 752, 753-54 (1895), a landowner is not an insurer against all accidents which may occur upon its sidewalks nor is it required to keep its sidewalks in perfect condition.

There is no statute or ordinance that requires FCI Beckley to keep its sidewalks or parking lots completely free of snow or ice. Rather, FCI Beckley is only required to use reasonable care under

the circumstances. See Mallet v. Pickens, 206 W. Va. at 155. A review of FCI Beckley records from January 13, 2002, shows that due to the accumulation of ice on the roadways and sidewalks, calcium chloride was used on the sidewalks and a mixture of roadway salt and #9 abrasive stone was used on the institution roadways and parking lots. Thus, FCI Beckley used the reasonable care necessary under the circumstances and no duty has been breached.

While it is unfortunate that your client has been injured, there is no evidence that an act or omission of a government employee was a factor in her loss. Accordingly, this claim is denied. This is a final denial of the claim. If your client is not satisfied with the determination, she has six months from the date of the mailing of this notification to bring suit in an appropriate United States District Court, should your client wish to do so.

Sincerely,

Bill Burlington
Regional Counsel